JUDGE JONES

12 CIV 7291

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

TUFAMERICA, INC.,

        Plaintiff,

v.

ROC-A-FELLA RECORDS, LLC, and
UMG RECORDINGS, INC.,

        Defendants.
------------------------------------------------------x

Index No.

COMPLAINT



RECEIVED SEP 28 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff TufAmerica, Inc. ("TufAmerica"), by and through its undersigned counsel, alleges as follows:

## BACKGROUND

1. This case is about the misappropriation by the defendants of musical compositions and sound recordings entitled "Hook & Sling Part 1" and "Hook & Sling Part 2" (together, "Hook & Sling"). Tufamerica acquired ownership and exclusive administration of Hook & Sling in 1996. Defendants sampled Hook & Sling without authorization in two recordings; one titled "Lost in This World," and the second titled "Who Will Survive in America," both of which were part of the Kanye West album "My Beautiful Dark Twisted Fantasy." Defendants also sampled Hook & Sling in a music video for "Lost in This World" that has been viewed more than 3.7 million times on YouTube, and in a short film titled "Runaway" that was included with some copies of the album, and has been viewed more than 16 million times. Defendants reproduced and distributed "Lost in this World" and "Who Will Survive in America" in various formats, including vinyl, compact disc, and digital downloads.

1

## PARTIES

2.      Plaintiff TufAmerica, Inc. is a New York corporation with a place of business at 10 West 37th Street, Suite 601, New York, New York.

3.      Upon information and belief, defendant Roc-A-Fella Records, LLC is a New York limited liability company having a business address at 825 Eighth Avenue, 27th Floor, New York, NY 10019. Upon information and belief, defendant Roc-A-Fella Records, LLC is a subsidiary of defendant UMG Recordings, Inc.

4.      Upon information and belief, defendant UMG Recordings, Inc. is a Delaware corporation authorized to do business in New York and having a business address at 2220 Colorado Avenue, Santa Monica, CA 90404. Upon information and belief, defendant UMG Recordings, Inc. owns and/or controls defendant Roc-A-Fella Records, LLC.

## JURISDICTION AND VENUE

5.      This Complaint seeks relief arising under the Copyright Laws of the United States, 17 U.S.C. §101, et seq., and this Court has jurisdiction pursuant to 28 U.S.C. §1338(a). Jurisdiction over the related state law claims is appropriate pursuant to 28 U.S.C. §1338 and 1367. This actions seeks statutory damages pursuant to 17 U.S.C. §504, and compensatory and punitive damages under New York law.

6.      Venue in this District is proper pursuant to 28 U.S.C. §1391 and §1400 in that Defendants do business and/or are present within the Southern District of New York and are subject to personal jurisdiction there. Defendants have directed their activities and marketing of musical recordings to New York residents, and New York residents were able to download infringing musical recordings by way of a website controlled or authorized by Defendants. Defendants thus do continuous and systematic business in New York, upon information and belief have entered into transactions directly related to

2

the subject matter of this lawsuit, and are present in New York for purposes of establishing this Court's jurisdiction over them.

## FACTS

7.  TufAmerica is the owner of the Tuff City Music Group, which was founded in 1981 as a rap and hip-hop label. Since then, TufAmerica has moved into other musical genres, including blues, soul, funk, and R&B, acquiring the rights to thousands of musical recordings and compositions.

8.  In 1996, TufAmerica acquired all of the rights as exclusive administrator to and as 50% owner of the copyrights to Hook & Sling from Al Scramuzza (the "1996 Agreement"). The 1996 Agreement covers not only recordings released by Scrammuza's Scram Records label, but also songs published by his Uzza Music publishing company as well. The 1996 Agreement expressly grants Tufamerica the exclusive rights to "release, license, sublicense, advertise, assign, exploit and sell the Masters and phonograph records manufactured therefrom, and the performances and compositions embodied therein, and any and all media and fields of use, now known or hereafter to become known and to permit others to do so," and "to synchronize same with visual images and to permit others to do so."

9.  The 1996 Agreement also expressly grants Tuff City the exclusive rights to "perform publicly, or to permit the public performance, or to refrain therefrom, of the Masters, and the performances and compositions embodied thereon, and phonograph records manufactured therefrom, in all media and fields of use, whether now known or hereafter to become known."

10. The master recording copyrights acquired by Tufamerica in the 1996 Agreement include the copyrights in and to the master recordings entitled "Hook & Sling

Part 1" and "Hook & Sling Part 2" (individually and collectively referred to herein as the "Hook & Sling Master").

11.   The musical composition copyrights acquired by Tufamerica in the 1996 Agreement include the copyrights in the musical compositions entitled "Hook & Sling Part 1" and "Hook & Sling Part 2" (individually and collectively referred to herein as "Hook & Sling Composition").

12.   TufAmerica recorded its interest in the Hook & Sling Master and Compositions with the United States Copyright Office on May 25, 2000.

## KANYE WEST MISAPPROPRIATES HOOK & SLING

13.   Defendants used unauthorized samples of the Hook & Sling Master and Composition in two sound recordings; one titled "Lost in This World," and the other titled "Who Will Survive in America," each of which was released by defendants on the Kanye West album "My Beautiful Dark Twisted Fantasy."

14.   Defendants have admitted that the audio recording of "Lost in This World" uses a sample from the Hook & Sling Master, and in 2011 agreed in principle to enter into a license with TufAmerica solely for that use. Defendants caused TufAmerica to be paid $62,500 as partial payment of the supposedly agreed-to audio licensing fees before all license terms had been agreed to. Thereafter, however, defendants failed and refused to enter into written license agreements that accounted for their multiple other uses of the Hook & Sling Master, which extended beyond the audio recording of "Lost in This World," and included uses in the "Lost in This World" music video, the "Runaway" short film, and the "Who Will Survive in America" track. Defendants have failed and refused to pay any other fees or enter into any license for their continuing unlicensed use and exploitation of the Hook & Sling Master and Composition.

4

15. As noted, defendants used the Hook & Sling Master and Composition in another track on "My Beautiful Dark Twisted Fantasy," the song "Who Will Survive in America." Defendants have never entered into any license for this use.

16. The Hook & Sling Master is used repeatedly in both "Lost in This World" and "Who Will Survive in America," in the first case being used dozens of times and in the second case being used at least 19 times.

17. Upon information and belief, defendants reproduced, distributed and publicly performed the audio recording "Lost in This World" in the "Lost in This World" music video, and both recordings "Lost in This World" and "Who Will Survive in America" in the "Runaway" short film.

18. Tufamerica did not authorize the defendants' reproduction, distribution or public performance of the audio recordings "Lost in This World" and "Who Will Survive in America," the "Lost in This World" music video, or the "Runaway" short film.

19. Defendants do not have any right to reproduce, distribute or publicly perform samples of the Hook & Sling Master and Composition in the audio recordings "Lost in This World" and "Who Will Survive in America," or in the "Lost in This World" music video, or the "Runaway" short film.

### FIRST CAUSE OF ACTION
(Common Law Copyright Infringement – Hook & Sling Master -- Lost in This World -- Audio Recording)

20. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 19 as though set forth in full herein.

21. The Hook & Sling Master is unique intellectual property subject to common-law copyright protection under the law of the State of New York.

22.     By virtue of the 1996 Agreement, TufAmerica possesses the exclusive rights to release, license, exploit and publicly perform the Hook & Sling Master in any and all media and fields of use and to permit others to do so and to synchronize the Hook & Sling Master with visual images and to permit others to do so.

23.     TufAmerica has not authorized the Defendants to release, exploit, or publicly perform the Hook & Sling Master.

24.     The unauthorized reproduction, distribution and public performance by Defendants of samples of the Hook & Sling Master in the recording "Lost in This World" constitutes infringement of TufAmerica's exclusive rights in and to the common law copyrights in Hook & Sling Master.

25.     Defendants are liable for the common law infringement of the Hook & Sling Master.

26.     As a direct and proximate result of Defendants' willful, wanton, and reckless tortious conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### (Common Law Copyright Infringement – Hook & Sling Master -- Who Will Survive in America -- Audio Recording)

27.     TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 26 as though set forth in full herein.

28.     The unauthorized reproduction, distribution and public performance by Defendants of samples of the Hook & Sling Master in the recording "Who Will Survive in America" constitutes infringement of TufAmerica's exclusive rights in and to the common law copyrights in Hook & Sling Master.

29. Defendants are liable for the common law infringement of the Hook & Sling Master.

30. As a direct and proximate result of Defendants' willful, wanton, and reckless tortious conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Common Law Copyright Infringement – Hook & Sling Master -- Lost in This World -- Music Video)

31. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 30 as though set forth in full herein.

32. The unauthorized reproduction, distribution and public performance by Defendants of samples of the Hook & Sling Master in the music video "Lost in the World" constitutes infringement of TufAmerica's exclusive rights in and to the common law copyrights in Hook & Sling Master.

33. Defendants are liable for the common law infringement of the Hook & Sling Master.

34. As a direct and proximate result of Defendants' willful, wanton, and reckless tortious conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
(Common Law Copyright Infringement – Hook & Sling Master -- Lost in This World -- Short Film)

35. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 34 as though set forth in full herein.

36. The unauthorized reproduction, distribution and public performance by Defendants of samples of the Hook & Sling Master in the short film "Runaway"

constitutes infringement of TufAmerica's exclusive rights in and to the common law copyrights in Hook & Sling Master.

37. Defendants are liable for the common law infringement of the Hook & Sling Master.

38. As a direct and proximate result of Defendants' willful, wanton, and reckless tortious conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
(Copyright Infringement – Hook & Sling Compositions -- Lost in This World)

39. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 38 as though set forth in full herein.

40. The Hook & Sling Composition is unique intellectual property subject to United States law under the Copyright Act of 1976.

41. The Hook & Sling Composition was registered with the U.S Copyright Office, Registration Number EU117231.

42. By virtue of the 1996 Agreement, TufAmerica possesses the exclusive rights to reproduce, distribute and publicly perform the Hook & Sling Composition.

43. TufAmerica has not authorized Defendants to reproduce, distribute or publicly perform any part of the Hook & Sling Composition.

44. The reproduction and distribution by Defendants of "Lost in This World," which includes unauthorized uses of the Hook & Sling Composition, constitutes infringement of TufAmerica's exclusive rights in and to the Hook & Sling Composition.

45. Defendants are liable for the willful infringement of the federal copyrights in the Hook & Sling Composition.

46. As a direct and proximate result of Defendant's conduct, TufAmerica is entitled to compensatory or statutory and punitive damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### (Copyright Infringement – Hook & Sling Compositions -- Who Will Survive in America)

47. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 46 as though set forth in full herein.

48. The reproduction and distribution by Defendants of "Who Will Survive in America," which includes unauthorized uses of the Hook & Sling Composition, constitutes infringement of TufAmerica's exclusive rights in and to the Hook & Sling Composition.

49. Defendants are liable for the willful infringement of the federal copyrights in the Hook & Sling Composition.

50. As a direct and proximate result of Defendant's conduct, TufAmerica is entitled to compensatory or statutory and punitive damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### (Copyright Infringement – Hook & Sling Compositions -- Runaway Short Film)

51. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 50 as though set forth in full herein.

52. The reproduction and distribution by Defendants of the short film "Runaway," which includes unauthorized uses of the Hook & Sling Composition, constitutes infringement of TufAmerica's exclusive rights in and to the Hook & Sling Composition.

53. Defendants are liable for the willful infringement of the federal copyrights in the Hook & Sling Composition.

54.     As a direct and proximate result of Defendant's conduct, TufAmerica is entitled to compensatory or statutory and punitive damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### (Copyright Infringement – Hook & Sling Compositions -- Lost in This World Music Video)

55.     TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 54 as though set forth in full herein.

56.     The reproduction and distribution by Defendants of the music video "Lost in This World," which includes unauthorized uses of the Hook & Sling Composition, constitutes infringement of TufAmerica's exclusive rights in and to the Hook & Sling Composition.

57.     Defendants are liable for the willful infringement of the federal copyrights in the Hook & Sling Composition.

58.     As a direct and proximate result of Defendant's conduct, TufAmerica is entitled to compensatory or statutory and punitive damages in an amount to be proven at trial.

WHEREFORE, TufAmerica prays for judgment against Defendants as follows:

1. For an accounting, the imposition of a constructive trust, restitution to TufAmerica of Defendants' unlawful proceeds, and damages according to proof.

2. For an order enjoining defendants from any further distribution or exploitation of the "Lost in This World" and "Who Will Survive in America" audio recordings; the "Lost in This World" music video; and the "Runaway" short film, as well as any recordings or videos that include the Hook & Sling Masters or use the Hook & Sling Compositions.

3. For punitive and exemplary damages in an amount as may be awarded at trial.

4. For prejudgment interest according to law.

5. For TufAmerica's costs incurred in this action including its reasonable attorneys' fees.

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _____

Kelly D. Talcott
The Law Offices of Kelly D. Talcott
P.O. Box 43, 34 Grove Street
Sea Cliff, NY 11579-0043
v.516.515.1545
f.516.871.0682

Attorney for Plaintiff

Dated: Sea Cliff, New York
September 29, 2012